UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HALF MOON VENTURES, LLC, <br>     Plaintiff and Counterclaim <br>     Defendant, <br><br> v. <br><br> ENERGY DEVELOPMENT <br> PARTNERS, LLC, and MAARTEN <br> REIDEL, <br>     Defendants and Counterclaim <br>     Plaintiff. | C.A. No. 18-685-JJM-PAS |

ORDER

Half Moon Ventures ("HMV") and Energy Development Partners ("EDP") entered into a series of agreements to develop renewable energy production facilities in Rhode Island. HMV withdrew from the project and filed this lawsuit seeking reimbursement under the contracts and Maarten Reidell's guarantee either as written or as orally modified. EDP moved to dismiss; the Court denied the motion on the breach of contract and unjust enrichment claims and granted it on promissory estoppel. EDP filed Amended Counterclaims, alleging fraudulent misrepresentation, breach of contract, civil larceny, and RICO violations. HMV now moves to dismiss EDP's Amended Counterclaims. ECF No. 29. That motion is GRANTED IN PART AND DENIED IN PART.

To survive a motion to dismiss for failure to state a claim, a complaint must contain enough factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The

Court must accept Plaintiffs' allegations as true and construe them in the light most favorable to them. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009).

"A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-48 (1957)). These "minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real–and it is the plaintiff's burden to take the step which brings his case safely into the next phase of the litigation." *Gooley*, 851 F.2d at 514. A plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515.

Fraudulent Misrepresentation

At this stage of the litigation, taking the allegations as true and in the light most favorable to the plaintiff, including all reasonable inferences, EDP has plausibly alleged a fraudulent misrepresentation claim. It alleged that HMV represented to EDP that it "remained committed" to the Richmond Project knowing it did not intend to go forward, it intended for EDP to rely on those misrepresentations and EDP reasonably relied on them, spending $160k to maintain agreements with the City of Central Falls. EDP was further damaged because it lost a $350k grant and the option to secure other buyers for the Richmond Project when HM withdrew. *See* ECF No.

2

27 at ¶¶ 15-21. These elemental allegations when read in the context of the whole complaint and counterclaims are enough to survive HMV's motion to dismiss.

Breach of Contract

EDP's counterclaim for breach of contract is also adequately pleaded. EDP alleges that HMV breached the Security Agreement when it sold the membership interests to AEP OnSite Partners, LLC without getting EDP's written consent—consent that HMV had to get by contract. HMV seems to concede that the first two elements were adequately pleaded but argues that EDP has no damages because the final installment payment on the project is not yet due and HMV might still pay. EDP says its damages stem from the loss of the security interest and attorney's fees—losses that it has already realized. Because EDP has set forth factual allegations relevant to each element of its breach of contract claim, including damages, the Court finds that this claim survives HMV's motion.

Civil Larceny and RICO

EDP's criminal larceny claim alleges that HMV was in possession of the membership interests and EDP had a valid and perfected security interest in those interests. By selling those interests to OnSite, HMV committed larceny according to R.I. Gen. Laws § 11-41-16 and is civilly liable under R.I. Gen. Laws § 9-1-2. Section 11-41-16 provides as follows:

> Whoever, being in possession of personal property, other than wearing apparel, received upon a written and conditional contract of sale or acquired upon a written lease, or in which any person, firm, or corporation shall have a valid and perfected security interest in accordance with the provisions of title 6A, sells, conveys, conceals, or aids in concealing the property, or any part of it, or refuses to return the

3

property with intent to defraud, <u>before performance of the conditions precedent to acquiring its title</u>, shall be guilty of larceny and be subject to the penalties set forth in § 11-41-5. (Emphasis added.)

A plain reading of the language of this section supports the determination that there is no larceny in the event of a sale of perfected security interest when the seller has acquired title. HMV had the title to the membership interests so EDP cannot state a claim for larceny under § 11-41-16. Because larceny was the racketeering activity underlying EDP's RICO claim, it necessarily follows that without larceny, EDP's RICO claim fails.

HMV's Motion to Dismiss EDP's Amended Counterclaims is GRANTED IN PART AND DENIED IN PART. ECF No. 29. EDP's claims for fraudulent misrepresentation and breach of contract survive and its claims for larceny and RICO violations are DISMISSED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

November 6, 2019